BRILLÓN, PLAINTIFF AND APPELLANT, *v*. FIGUEROA, DEFENDANT AND APPELLEE.

Appeal from the First District Court of San Juan in an Action for Damages.

No. 3253.—Decided May 2, 1924.

DAMAGES—NEGLIGENCE—EVIDENCE.—In this action for damages for negligence the complaint was dismissed on the theory that the defendant was not sufficiently identified as the driver of the car that caused the injuries. The judgment was reversed because the evidence and the affirmative defense set up in the answer contradict that theory of the judgment appealed from.

The facts are stated in the opinion.
*Mr. L. Freyre Barbosa* for the appellant.
*Messrs. C. Iriarte, Jr.,* and *J. Servera Travieso* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit for damages alleged to have been caused by defendant through negligence in the handling of an automobile.

Defendant did not appear at the trial and the district court after hearing the evidence for plaintiff dismissed the action.

The only question involved in the present appeal seems to be one of fact.

The trial judge filed no findings and the judgment can be accounted for only upon the theory suggested without argument in support thereof by counsel for appellee, to wit, that defendant Florencio Figueroa was not sufficiently identified as the driver of the car that caused the injuries inflicted upon plaintiff.

That some such impression was made upon the mind of the trial judge is indicated by the drift of certain questions addressed to the only eye-witness who attempted to identify defendant as such driver. This witness at the beginning of his testimony had said that he knew (using the present tense) both plaintiff and defendant; that he saw them on the day of the accident at the place where it occurred; that "Brillon dismounted from a bus and the gentleman was coming with a car at high speed." Later this witness, apparently referring to defendant, said that "the car of that gentleman, which Fulgencio was driving," struck plaintiff.

The colloquy which occurred at the conclusion of this testimony follows:

"What was the car that struck Brillón?—A small Buick with two seats.

"Do you know the car?—The make.

"Did you know the driver?—I knew the driver by sight.

"Do you know his name?—Mr. Figueroa.

"But you do not know his given name?—Fulgencio or something like it.

"He does not know his Christian name, he only knows his sur-

name. Why do you say his name is Fulgencio?—Because I learned that he was so called during the investigation.

"Then it was at that time you knew him?—Yes, sir; after the occurrence.

"Did you know him previously?—No, sir."

It must be conceded that the previous references to defendant as the driver of the car that struck plaintiff seem to have been the result of accident rather than of any definite or deliberate design, and leave much to be desired in the way of positive certainty and conclusiveness. But in the total absence of any contradiction, intrinsic inconsistency or serious discrepancy, they can not be deemed inadequate to offset and overcome the general denial of the "essential facts" of the complaint contained in the unverified answer filed by defendant.

Moreover, an affirmative defense set up in this answer, which seems to have been overlooked by the trial judge, substantially admits not only the accident, but also that defendant was driving his own machine at the time. The pleading, in so far as pertinent to this point, is in terms as follows:

"That at about 11.30 of the morning of June 14, 1921, the defendant was traveling to San Juan in his motor car and while running by stop 25 of the street car line of the Porto Rico Railway, Light & Power Company at a speed of less than sixteen kilometers an hour plaintiff Epifanio Brillón got off a public-service jitney while it was in motion and without taking the necessary precautions to protect his life, endeavored to cross the road at the very moment that the defendant was passing alongside of the jitney from which he had descended and that before the plaintiff had the opportunity or time to avoid the accident he collided with the plaintiff, hurling him to the ground.

"That immediately after the accident the defendant picked the plaintiff up and took him in his car to the Municipal Hospital of Santurce, charging Dr. Víctor Gutiérrez Ortiz to attend to and take care of the plaintiff.

"That the plaintiff did not suffer any serious injury as a result of said accident, but only a slight shaking-up, the effects of which

disappeared entirely a few hours later and of which he was completely cured the day after his entry into the Municipal Hospital.

"Lastly, the defendant alleges that the immediate cause of the accident to the plaintiff was his lack of care in attempting to cross a crowded public thoroughfare without observing the necessary precautions to safeguard his person."

Defendant, who did not introduce any testimony in support of the defense above outlined, nor even appear at the trial, had no license at the time of the accident; and there is no serious conflict in the evidence, which as a whole leaves practically no room for doubt as to the gross negligence of the driver of the car that caused the injuries complained of.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.